IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

JUAN and TONI CARIDE, individuals,       )
and JC QUARTER HORSES,                   )
a Delaware Corporation,                  )
                                         )
                 Plaintiffs,             )
                                         )
v.                                       )      Case No. CIV-04-1367-L
                                         )
JUSTIN KOHLL, an individual,             )
KOHLL'S PHARMACY &                       )
HOMECARE, INC., a Nebraska               )
Corporation,                            )
                                         )
                 Defendants.             )

## O R D E R

Plaintiffs Juan Caride, Toni Caride, and JC Quarter Horses (collectively,

"plaintiffs") allege that a prescription drug provided by defendants to treat the

upper respiratory infections of certain horses owned by plaintiffs caused death

and injury to plaintiffs' horses.

The Amended Complaint was brought against Donald Fletcher, an

individual, Fletcher Animal Clinic, P.C., a Texas Corporation (collectively,

"Fletcher defendants"), Justin Kohll, an individual, and Kohll's Pharmacy &

Homecare, Inc., a Nebraska Corporation (collectively, "Kohll defendants" or

"defendants").  The Amended Complaint asserts nine claims for relief as follows:

(1) fraud against all defendants; (2) negligence per se against all defendants; (3)

negligence against all defendants; (4) gross negligence against all defendants;

(5) breach of express warranty against the Kohll defendants; (6) breach of implied warranty of fitness for a particular purpose against the Kohll defendants; (7) breach of implied warranty of merchantability against the Kohll defendants; (8) strict liability against the Kohll defendants; and (9) deceptive trade practices against all defendants.  Plaintiffs seek compensatory and punitive damages.

This matter is before the court on several motions of the parties.  Initially, the court notes that the "Fletcher defendants" have been dismissed from the lawsuit by the plaintiffs.  Therefore, this order does not address any of the claims against the Fletcher defendants.

The court has carefully considered the issues raised in the Kohll defendants' **Motion to Dismiss the Amended Complaint [Doc. No. 32]**, filed prior to the dismissal of the Fletcher defendants, but concludes that the motion should not be granted.  A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988).  The complaint must be construed in the light most favorable to the plaintiffs and all factual allegations in the complaint must be presumed to be true.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Meade, 841 F.2d at 1526. Mindful of this standard, the court cannot say that there are no set of facts to support plaintiffs' claims for relief in this matter.  Several of defendants'

arguments would require the court to adopt a characterization of plaintiffs' claims which is disputed by plaintiffs.  Also, due to the overlapping nature of plaintiff's claims, the court finds that determination of the issues contained in the Motion to Dismiss could involve the resolution of factual issues and would not be proper at the motion to dismiss stage.  The court notes that plaintiffs concede that their claim for violation of the Oklahoma Deceptive Trade Practices Act (Ninth Claim for Relief) should be dismissed.  Therefore, plaintiffs' claim for violation of the Oklahoma Deceptive Trade Practices Act is **dismissed.**  The remainder of defendant's Motion to Dismiss is **denied.**

Turning to a consideration of **Defendants' Motion in Limine to Exclude Testimony of Dr. Loyd V. Allen, Jr.; Dr. Bill Clay; and Luke Castle [Doc. No. 46]** and plaintiffs' response thereto, the court finds that in order to alleviate any perceived prejudice, the better course of action would be for these witnesses to prepare expert reports regarding their testimony.  Therefore, defendants' motion to exclude these witnesses' testimony should be and is hereby **denied; however,** to the extent they have not already done so, plaintiffs are directed to obtain reports from each of the above-named witnesses and to provide the reports to defendants without delay with the understanding that defendants will be allowed a reasonable time after receipt of these expert reports to depose these witnesses, if they desire, and to have their own experts prepare and/or revise their own reports, if appropriate.

Upon careful consideration of **Defendants' Motion for Leave to Re-Examine Juan Caride [Doc. No. 47]**, the court finds that the motion should be **granted, with limits**.  Defendants assert that a re-deposition of Mr. Caride is necessary since Mr. Caride's previous deposition was completed before the Amended Complaint was filed and because of (1) numerous inconsistencies between the Complaint, Amended Complaint and Mr. Caride's deposition testimony; (2) additional claims alleged in the Amended Complaint; (3) additional facts alleged in the Amended Complaint; and (4) deleted material facts in the Amended Complaint.  Although plaintiffs argue that the alleged inconsistencies are either non-existent, inconsequential, and/or have already been addressed, the court finds that the defendants should be entitled to explore the basis for the claims alleged against them in the Amended Complaint.  Therefore, the court will allow defendants to re-depose Juan Caride, at a mutually agreeable time and place, to explore the above four categories.  The court advises defendants that they are not to rehash issues or questions previously asked of the witness and are to limit the second deposition, which is limited to three (3) hours, to truly new, non-cumulative issues.

**Defendants' Motion for Protective Order [Doc. No. 58]** is **denied** in light of plaintiffs' response that their Notice of Deposition for a corporate representative of Kohll's Pharmacy & Homecare, Inc., other than Justin Kohl, is withdrawn.  To the extent it has not already occurred, the parties are urged to

work together cooperatively to schedule the deposition of any new notice of
deposition to Kohll's Pharmacy & Homecare, Inc., designating Kohll's Corporate
Compliance Officer as the deponent.  In this regard, the court finds that the Rule
30(b)(6) deposition should take place in the area of  defendants' place of
business, unless the parties have mutually agreed otherwise.

Turning to **Plaintiffs' Motion in Limine to Exclude Testimony of Deril
James Lee and Rob Folger and to Exclude Certain Exhibits [Doc. No. 60]**,
the court finds that plaintiffs have not been prejudiced and thus the motion is
**denied.**  Alternatively, this motion is **denied** for lack of compliance with Local
Rule 37.1 which provides that with respect to all motions or objections relating to
discovery pursuant to Fed. R. Civ. P. 26 through 37 and 45, the court shall refuse
to hear any such motion or objection unless counsel for movant first advises the
court in writing that counsel personally have met and conferred in good faith and,
after a sincere attempt to resolve differences, have been unable to reach an
accord.

**Defendants'** *Daubert* **Motion in Limine to Exclude Plaintiffs' Expert
Witness Testimony [Doc. No. 69]**, which pertains to the testimony of James F.
Horrell, Ph.D., Jerry Vawter, and Dr. William Edwards, is **denied**.  Upon review of
defendants' arguments and plaintiffs' response, the court agrees with plaintiffs
that defendants' objections to this testimony go more to the weight of the
testimony as opposed to its admissibility.  Defendants will have the opportunity to

cross-examine these witnesses as to the perceived weaknesses in the testimony,
however, the court finds no basis to exclude the testimony of these witnesses.

Upon consideration of **Plaintiffs' Motion to Quash Subpoena Duces
Tecum [Doc. No. 71]** and defendants' response, the court finds that the
Subpoena Duces Tecum to Pauls Valley National Bank should not be quashed
and the motion should be and is hereby **denied.**  Plaintiffs are seeking
compensatory damages arising from the death and injury of their horses.
According to defendants, plaintiffs have refused to produce the financial records
to support their claims of loss in this matter.  The court finds that defendants have
persuasively shown a need for the requested banking information in order to
evaluate the claims and defend themselves against plaintiffs' claims for damages.
The court finds that the subpoena seeks relevant information or is calculated to
lead to the discovery of admissible evidence.  To alleviate any concerns
regarding the disclosure of plaintiffs' financial information, the court finds that the
March 17, 2005 Stipulation and Protective Order shall apply to any information
produced pursuant to the subpoena.  Plaintiffs' related Motion to Strike the Kohl
Defendants' Motion to Compel **[Doc. No. 77]** is **denied.**  Also, to the extent
defendants' response to Plaintiffs' Motion to Quash Subpoena Duces Tecum
contains a separate motion to compel (which was not docketed upon filing as a
separate motion), such motion is **denied.**

Upon a review of the court file, it appears that plaintiffs have not filed a written response to **Defendants' Motion for Leave to Depose June Rhea, Willi Richert, Jesse Martin & Mary Nolen Outside of Discovery Period [Doc. No. 79]**.  Therefore, the motion may be **deemed confessed** pursuant to LCvR7.2(e). Alternatively, the court has reviewed the motion and finds that it has merit. Accordingly, this motion is **granted** and the depositions of the named witnesses shall take place at a mutually agreeable time and place.

**Plaintiffs' Motion to Compel Production of Documents From Justin Kohll and Kohll's Pharmacy & Homecare, Inc. [Doc. No. 80]** seeks an order requiring defendants to produce documents responsive to plaintiffs' Request for Production No. 10 ("any and all documents in your possession, custody and/or control regarding any legal action or lawsuit, other than the present matter that you have been involved in within the past ten (10) years"), Request for Production No. 11 ("any and all documents relating to any insurance claims you have made in the past five (5) years relating to your duties as a pharmacy or as a pharmacist"), and Request for Production No. 13 ("any and all documents in your possession, custody and/or control regarding any formal complaints lodged against you relating to the sale, prescribing or dispensing of prescription medications").

Defendants' response indicates that they have provided every document responsive to the discovery requests at issue.  Defendants state that there are no

documents responsive to Request No. 10 concerning prior lawsuits and that they have produced all documents in their possession responsive to Request No. 13 concerning formal complaints lodged against defendants.  As for Request No. 12, defendants assert that the underlying insurance claim files are irrelevant.

Upon consideration of the circumstances presented, the court finds that plaintiffs' motion should be **granted** as follows: Defendants are directed to search again and produce all documents in their possession, custody or control (*see* Rule 34) which are responsive to Request for Production Nos. 10 and 13.  With respect to Request No. 12, the court orders defendants to produce all documents in their possession, custody or control pertaining to any insurance claim involving compounding, as the court finds that this information is relevant.  At this point, the court fails to see the relevance or potential relevance of the other underlying insurance claim documents.  To alleviate any concerns regarding the disclosure of confidential information, the court finds that the March 17, 2005 Stipulation and Protective Order shall apply to any information produced pursuant to this order.

Upon consideration of the evidence properly before the court, and drawing all inferences in favor of plaintiffs at this stage in the proceedings, the court finds that sufficient factual disputes exist with respect to the administration of the compounded prescription medication to plaintiffs' horses.  The parties fundamentally disagree on whether there was a valid prescription for the medication in question.  Because of the existence of several controverted issues

of material fact, the court finds that summary judgment is not appropriate.  *See* Fed. R. Civ. P. 56(c).  *See also* Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977).  Therefore, **defendant's Motion for Summary Judgment Summary Judgment [Doc. No. 70]** is **denied**. Defendants' related **Motion to Strike Exhibits From Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment [Doc. No. 86]** is also **denied** at this time, however, final determinations on the admissibility of evidence are reserved until the time of trial.

In light of this order, it appears that **Defendants' Application for Extension of Dispositive Motion and *Daubert* Motion Deadlines [Doc. No. 65]** is **moot.**

**The parties are granted until September 1, 2005 to complete all discovery contemplated by this order.  The case remains on the court's September, 2005 docket.**  The parties' requests for fees and costs associated with various motions are **denied.**

It is so ordered this 3rd day of August, 2005.

TIM LEONARD
United States District Judge